### H. D. SMITH v. THE STATE.

*No. 1081.   Decided June 17th, 1896.*

**False Swearing to Procure Marriage License.—Accomplice Testimony— Charge.**

See, facts stated in the opinion, upon which it is Held: That the court erred in failing to charge the law of accomplice testimony as to an affidavit made by the female in connection with the false affidavit of the accused made to procure a marriage license.

APPEAL from the District Court of Parker.   Tried below before Hon. J. W. PATTERSON.

Appeal from a conviction for false swearing; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

[No brief for either party has come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of false swearing. The affidavit made by appellant was for the purpose of obtaining a marriage license to marry one Miss Mattie Liles, and is in the following language, to-wit: "I, H. D. Smith, do solemnly swear that I am twenty-one years of age, and that Miss Mattie Liles is eighteen years of age, and that there is no legal objection to our marriage.   H. D. Smith." On the trial of the case it was an admitted fact—at least proved beyond contradiction—that appellant made the affidavit.   By the testimony of Joe Liles, the father of Mattie Liles, and by Mattie Liles herself, it was shown that she was not eighteen years of age at the time appellant made the affidavit.   On the morning the affidavit was made, and before the marriage ceremony was performed, Mattie Liles made an affidavit in which she stated she was eighteen years of age.   She denied any knowledge of the contents of the paper on the trial, and also denied swearing to it, but the other witnesses present at the time, testify most positively to the fact that she did sign and swear to it.   Mattie Liles testified that she told the defendant on several occasions prior to his making the affi-

davit that she was not eighteen years of age, and on her seventeenth birthday went with the defendant in a buggy, in company with other young people, to the town of Granbury, in Hood County. This was on the 4th of April, 1891. The affidavit was made and the marriage occurred on the 7th of September, 1891. Appellant testified that he did not know Mattie Liles' age, and did not know whether she was eighteen years of age or not when he made the affidavit; and that Mattie Liles, and no one else, ever told him her age; that shortly before the marriage he and Mattie weighed, she weighing 140 pounds and he 141 pounds. The court charged the jury with reference to the law which requires that cases of this sort shall be proved by two witnesses, or by one witness and strong corroborating testimony; but we are of opinion that the testimony called for a charge upon the law applicable to accomplice's testimony. Under the facts narrated we are of opinion that Mattie Liles was an accomplice. She made an affidavit at the same time, or within a few minutes of the time, that defendant made his affidavit, that she was eighteen years of age. She ran away with the defendant for the purpose of obtaining a marriage license. She declined to go to Granbury, where the County Clerk knew her, and doubtless her age; and she knew the defendant was going to make the affidavit that she was eighteen years of age before they reached Weatherford, where the oath was taken. She went with him for the purpose of being married, and knew, or ought to have known, that a license would not be issued under the circumstances, unless affidavit was made that she was eighteen years of age. And under this state of case we think she was an accomplice, and the law applicable to accomplice's testimony should have been given in the charge to the jury. There are two bills of exceptions in the record, presented to the District Judge for his approval more than ten days after the final disposition of the case. They cannot, therefore, be considered. But, if they could, the testimony set out in the bill of exceptions, we think, was clearly admissible; and the charge set out in the second bill of exceptions requested by the defendant and refused by the court was sufficiently given in the main charge of the court. For the failure of the court to charge the law with regard to accomplice's testimony, the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*

Hurt, Presiding Judge, absent.